104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Peter Lenya MMATLOA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-4211.
 United States Court of Appeals, Second Circuit.
 Nov. 18, 1996.
 
 APPEARING FOR APPELLANT: J. Mark Young, Rosenman & Colin LLP, New York, N.Y.
 APPEARING FOR APPELLEE: Diogenes P. Kekatos, Assistant United States Attorney for the Southern District of New York, New York, N.Y.
 B.I.A.
 REVERSED.
 Before OAKES, LEVAL, PARKER, Circuit Judges.
 This cause came on to be heard on the transcript of record from the deportation order issued by Immigration Judge John A. Duck, Jr., and affirmed by the Board of Immigration Appeals, and was argued by counsel.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the Board of Immigration Appeals is REVERSED and the order of deportation is vacated.
 
 
 1
 Peter Lenya Mmatloa appeals from an order of deportation entered on July 20, 1995, by an Immigration Judge and affirmed by the Board of Immigration Appeals on October 3, 1995.
 
 
 2
 Under 8 C.F.R. § 242.16(a), an immigration judge must inform the subject of deportation proceedings that he has the right to be represented by counsel, advise him of the availability of free legal services, and inquire whether the subject wishes to avail himself of this right. The Immigration Judge presiding at Mmatloa's deportation hearing failed to do so. As a result, Mmatloa was unrepresented at the hearing.
 
 
 3
 Mmatloa rightly points out that the regulation is designed to safeguard an alien's right in a deportation hearing to be represented by counsel of his choosing, at no cost to the government, a right which is guaranteed by statute. 8 U.S.C. § 1252(b). In Montilla v. I.N.S., 926 F.2d 162, 168-69 (2d Cir.1991), we held that where a deportation hearing is conducted in violation of § 242.16(a), the resulting order of deportation must be vacated. No showing of prejudice is required. Id. at 169.
 
 
 4
 Therefore, the petition for review is granted and the deportation order is vacated.